UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Sharon Curtis, *et. al.*,

    Plaintiff,

v.                                                              Case No. 20-10609

Deutsche Bank National Trust
Company, *et. al*.,                                  Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

**ORDER DECINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE-LAW CLAIMS AND REMANDING THOSE CLAIMS TO CLARE COUNTY CIRCUIT COURT**

In February 2020, Plaintiff filed this action in Clare County Circuit Court, asserting claims relating to a residential mortgage. On March 6, 2020, Defendant removed the action to this Court based upon federal question jurisdiction.

This Court has federal question jurisdiction over Count I, which asserts a claim based upon the Real Estate Settlement Procedures Act ("RESPA"). All of the remaining claims asserted in the complaint, however, are state-law claims.

Defendant asks this Court to exercise supplemental jurisdiction over the state-law claims in Plaintiff's complaint.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

1) the claim raises a novel or complex issue of State law;

2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

3) the district court has dismissed all claims over which it has original jurisdiction; or

4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed the state-law claims in Plaintiffs' complaint, this Court concludes that Plaintiff's state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claims were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is another reason this Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, **IT IS ORDERED** that this Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over Plaintiffs' state-law claims (Counts II, III, IV, V, and VI) and those claims are hereby **REMANDED** to the Clare County Circuit Court.

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: June 1, 2020