UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sharon Curtis; and Janette Curtis,

     Plaintiffs,

v.                                      Civil Case No. 20-10609

Deutsche Bank National Trust Co., *et. al.*,     Sean F. Cox
                                            United States District Court Judge

     Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

     Plaintiffs Sharon Curtis and Janette Curtis sued several defendants, alleging that they violated the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. 2605(e). The matter currently before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, brought pursuant to Fed. R. Civ. P. 12(b)(6).  In this motion, Defendants argued that the RESPA claim against them should be dismissed because: 1) Janette Curtis lacks standing to assert a RESPA claim in this case; and 2) as to Sharon Curtis, she fails to state a claim under RESPA in the First Amended Complaint. A zoom hearing was held on October 22, 2020. For the reasons set forth below, the  Court grants Defendants' motion to dismiss Plaintiffs' First Amended Complaint.

## BACKGROUND

     Plaintiffs Sharon Curtis and Janette Curtis filed this action in Clare County Circuit Court on February 14, 2020. The Defendants are: 1) Deutsche Bank National Trust Company ("Deutsche"), 2) Ocwen Loan Servicing, LLC ("Ocwen"), 3) PHH Mortgage Services, LLC

("PHH"), and 4) New Rez, LLC ("New Rez") (Collectively, "Defendants").  Plaintiffs'

Complaint attached an Affidavit from Sharon Curtis as an exhibit to the original complaint.

Defendants removed the matter to this Court on March 6, 2020, based upon federal

question jurisdiction. This Court declined to exercise supplemental jurisdiction over Plaintiffs'

five state-law claims and remanded those claims, leaving only the RESPA count.

On July 14, 2020, Defendants moved for judgment on the pleadings. At the scheduling

conference on July 15, 2020, however, this Court granted leave for Plaintiffs to file an amended

complaint.

Plaintiffs filed a First Amended Complaint on July 28, 2020. As such, that pleading

superceded and replaced the original complaint.  The filing of this new pleading also rendered

moot the Motion for Judgment on the Pleadings that challenged the original complaint.

Unlike their original complaint, the First Amended Complaint did not include an

Affidavit from Sharon Curtis as an exhibit – even though it referenced an affidavit.

The First Amended Complaint includes the following allegations. Plaintiffs allege that

Defendants violated RESPA by (1) fail[ing] to provide a timely reinstatement, (2) fail[ing] to

respond as required to Qualified Written Requests sent out pursuant to 12 U.S.C. 2605(e), (3)

fail[ing] to timely and properly credit payments and provide correct balances on the loan for

reinstatement, payoff, and escrow items, (4) dual tracking the loan by proceedings with the

redemption after advising Plaintiff in writing that the sale was being rescinded.[1] Plaintiffs seek

---

[1] Additionally, in the Amended Complaint, Plaintiffs allege Defendants have breached their duties by "(a) failing to provide accurate and timely statements, (b) fail[ing] to provide accurate and timely reinstatement figures, (c) failing to make the required efforts for early intervention and in fact went so far as to make misrepresentations to the Plaintiffs and reverse and return their payments when she contacted them about the status of the mortgage loan by

2

judgment awarding Plaintiffs damages, costs, and attorney fees.

Sharon is the former owner of the property in question, and Janette is her daughter. Sharon has been recently declared incapacitated, and Janette is her guardian and conservator.

On September 2, 2004, Sharon Curtis ("Sharon") and her then-husband Neal Curtis[2] obtained a mortgage to remodel their home to make it more wheelchair accessible for Sharon. Later the mortgage was assigned to Deutsche as Trustee for Ameriquest Trust 2005-X1, Asset Backed Certificate Series 2005-X1 by an assignment. The servicing of the loan has been transferred from Ocwen to PHH. New Rez sent "a few pieces of correspondence" to Plaintiff, but Plaintiffs do not know New Rez's participation in the mortgage.

Plaintiffs do not provide specific instances, but allege that "servicing errors and other problems such as contradictory information and instructions have gone on for years, but because acute concurrent to the change in serving and misapplication of monthly payments." Plaintiffs claim that they repeatedly contacted the Defendants for years and were given incorrect and contradictory information, but the problem became acute concurrent to the change in servicing and misapplication of monthly payments. Plaintiffs also allege that Defendants repeatedly returned Plaintiff's payments in error and sent out the checks in the incorrect names. Plaintiffs

---

falsely assuring the Plaintiff that the Sheriff Sale would not proceed and the errors would be corrected." However, it is unclear whether Plaintiffs are alleging a breach of Defendants' duties under RESPA or a breach of their contractual duties under the mortgage. The state law contractual claims were remanded to the state court. Thus, these allegations are irrelevant to this motion. Additionally, Plaintiffs fail to cite a specific section of a statute that Defendants allegedly violated with these actions, and therefore Plaintiffs claims here would not meet the pleading standard under *Twombly* and *Lillard*. *Twombly*, 550 U.S. at 555; *Lillard*, 76 F.3d at 726.

[2] Sharon and Neal Curtis have since gotten a divorce, and Neal was removed from ownership of the home.

also allege that Defendants advised Plaintiffs in writing not to pay the April 2019 payment and then penalizing them when they followed those instructions. Plaintiffs allege that Defendants repeatedly promised that they would fix the errors and apply the payments, but repeatedly failed to do so.

After the Sheriff's Sale, Mirela Albu of Trott Law advised Plaintiffs that the sale was in the process of being rescinded. However, the Defendants continued with the redemption processes. Plaintiffs allege this prevented them from taking other measures to protect their interest and equity in the property.

On June 29, 2020, Janette sent a letter citing RESPA §2605(e) to PHH requesting (1) the exact relationship between NewRez, PHH, Ocwen, and Altisource; (2) the date PHH acquired the loan and balance on the date it was acquired; (3) whether or not the loan or property have been transferred and if so to whom and when the transfer occurred; (4) a complete accounting of the loan and escrow; (5) copies of all correspondence sent to Sharon.

Defendants now move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint.

## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint.  To survive a motion to dismiss,  the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

4

*v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## ANALYSIS

**I.    Does Janette Curtis have standing to assert a RESPA claim?**

In their motion, Defendants first argue that Janette Curtis lacks standing to bring a RESPA claim in this case.

The constitutional requirement of standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, a plaintiff must show that she has suffered an "injury" in fact. *Id*. She must have suffered a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). Second, a plaintiff must establish a causal connection between the alleged injury and the conduct of which she complains. *Lujan*, 504 U.S. at 560. The injury must be "fairly

5

traceable to the defendant's actions. *Id*. Third, a plaintiff must demonstrate that the injury is redressable in the current action. *Vt. Agency*, 529 U.S. at 771.

The Sixth Circuit has held that "only a borrower on a loan can sue under RESPA." *Keen v. Helson*, 930 F.3d 799, 804 (6th Cir. 2019). In order for someone to qualify as a borrower, they "must be personally obligated on the loan, regardless of whether they signed a mortgage or own a home. . . . the ordinary meaning of 'borrower' is someone who has taken a lender's money and promised to pay it back. That means a 'borrower under §2605(f) is someone who is personally obligated under a 'federally related mortgage loan.'" *Id.; see also* 12 U.S.C. §2602(1).

Defendants argue that Janette Curtis does not have standing in this case because she is not a borrower under the loan and mortgage, nor is she a former owner of the property.

Plaintiffs argue that RESPA does not define "borrower," and they are correct that it is not defined in the statute. However, the Sixth Circuit in *Keen* defined it, as stated above, and it is clear that Janette is not a borrower that could collect damages for a RESPA violation under §2605(f) because she is not personally obligated under the loan. *Keen*, 930 F.3d at 804. Therefore, Janette Curtis lacks standing to bring a RESPA claim in this case.  That leaves Sharon Curtis as the only remaining Plaintiff.

**II.     Does Sharon Curtis fail to state a claim under RESPA?**

Defendants assert that Sharon Curtis, the remaining Plaintiff, fails to state claim under RESPA.  They argue:

> Plaintiffs have failed to state a claim under RESPA. Plaintiffs' fail to identify the
> section of RESPA they claim has been violated. Nor does the Amended Complaint
> provide facts to enable Defendants to determine what section of RESPA may have

6

been violated. This claim is conclusory and precisely the type of threadbare pleading that is precluded by Iqbal and Twombly. Finally, Plaintiffs fail to allege any facts of actual damages or that the Borrowers' damaged were the proximate cause of actual damages.

### A.   Does the First Amended Complaint fail to plead facts of a RESPA violation?

As stated above, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 678. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard*, 76 F.3d at 726.

In the First Amended Complaint, Plaintiffs allege that Defendants violated RESPA by (1) fail[ing] to provide a timely reinstatement, (2) fail[ing] to respond as required to Qualified Written Requests sent out pursuant to 12 U.S.C. 2605(e), (3) fail[ing] to timely and properly credit payments and provide correct balances on the loan for reinstatement, payoff, and escrow items, (4) dual tracking the loan by proceedings with the redemption after advising Plaintiff in writing that the sale was being rescinded. Plaintiffs seek judgment awarding Plaintiffs damages, costs, and attorney fees.

#### 1.   Failure to provide a timely reinstatement claim

Regarding the first allegation that Defendants failed to provide a timely reinstatement, Plaintiffs have not pleaded any specific facts, nor cited a specific statutory section they claim has been violated.

Plaintiffs had attached an affidavit by Janette to their original complaint, which "set forth the chronological events, false statements, contradictory information, and errors on the part of the Defendants." Plaintiffs also referenced several other exhibits in the Amended Complaint that were

7

attached to the original complaint that were not included with the Amended Complaint. Possibly, Plaintiffs intended that Sharon's affidavit or these other exhibits would provide the factual allegations necessary for this claim. However, while a court can consider documents central to Plaintiffs' claims, the complaint still must "contain sufficient factual matter" to state a claim of relief that is plausible on its face. *Twombly*, 550 U.S. at 678; *Weiner*, 108 F.3d at 89. An affidavit cannot serve as a substitute for the factual allegations needed to state a claim for relief in a complaint. Additionally, while the Amended Complaint includes the same language referring to an affidavit, Plaintiffs did not attach an affidavit to the Amended Complaint. This Court should not consider the affidavit or the other exhibits attached to the original complaint because "[a]n amended complaint supercedes all prior complaints." *Drake v. City of Detroit*, 266 Fed. Appx. 444, 448 (6th Cir. 2008).

## 2.   Failure to respond to a QWR claim

RESPA provides that a borrower may submit a Qualified Written Request ("QWR") to its loan service officer for "information relating to the servicing of the loan." 12 U.S.C. §2605(e)(1)(A). After receiving a qualified written response, RESPA requires that a loan servicer must provide a written response acknowledging receipt of the correspondence within five business days. 12 U.S.C. §2605(e)(1)(A). A loan servicer must also take action with respect to the QWR no later than thirty days after receiving it. 12 U.S.C. §2605(e)(2).

The second allegation is that Defendants failed to respond to a qualified QWR with in five business days under 12 U.S.C. §2605(e). Defendants argue that the time has not lapsed on the thirty day response time.[3] At the time of filing the complaint, Defendants still had time to comply with RESPA. Therefore, Plaintiffs failed to state a claim for relief.

---

[3] Letter was sent on June 9, 2020. Defendant's Brief was filed on August 11, 2020.

Defendants also argue that the letter Plaintiffs sent PHH on June 9, 2020 does not qualify as a QWR under RESPA because it does not related to servicing under §2605(e). Servicing is defined by RESPA as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest and such other payments  with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. §2605(i)(3). This argument fails because the letter does request an accounting of the loan, and therefore it is a QWR.

Defendants also argue they do not have a duty to provide requested information if the request is duplicative, confidential, irrelevant, overly broad, or unduly burdensome. 12 C.F.R. at §1024.36(f). Defendants argue they have already provided Plaintiff with a copy of the loan's payment histories during the course of litigation, and therefore they have no duty to provide Plaintiffs with this information again. Plaintiffs do not address this argument, but it is unnecessary for this Court to examine it because Plaintiffs have failed to state a claim for relief.

3. **Failure to timely and properly credit payments and provide correct balances on the loan for reinstatement, payoff, and escrow items claim**

Regarding this claim, Plaintiffs pled, "said errors included returning Plaintiff's payments in error repeatedly, sending out checks in the incorrect names repeatedly." Plaintiffs failed to provide a specific section of the statute that was violated by this action.  Instead, they make the conclusory statement that all of the allegations, "blatantly violated RESPA" without any additional citations. This is not a viable legal theory under which Plaintiffs could recover. *Lillard*, 76 F.3d at 726.

4. **Dual tracking the loan by proceedings with the redemption after advising Plaintiff in writing that the sale was being rescinded**

Regarding this particular claim, Plaintiff pled the following facts in the First Amended

Complaint:

> After the Sheriff Sale, Defendant Agent Trott Law[4] via Attorney Mirela Albu advised
> Plaintiffs that the sale was in the process of being rescinded, however, Defendants
> continued forward in the redemption process thus Dual Tracking as Plaintiffs were
> falsely advised that the sale was being rescinded and thus were prevented from taking
> other measures to protect their interest and equity in the property.

These alleged facts are sufficient to apprise Defendants of the nature of the conduct Plaintiffs

complain of. Again however, Plaintiffs failed to provide any specific section of the statute that was

violated by this action. Instead, they make the same conclusory statement that all of the allegations,

"blatantly violated RESPA" without any additional citations. Just as with the third claim, this is not

a viable legal theory under which Plaintiffs could recover. *Lillard*, 76 F.3d at 726.

Therefore, none of the four allegations meet the pleadings standards set forth by *Twombly*

and *Lillard*. *Twombly*, 550 U.S. at 555; *Lillard*, 76 F.3d at 726.

## B.     Does The Amended Complaint Allege Facts Showing Actual Damages Or Proximate Cause?

In order to successfully plead a RESPA claim, a plaintiff must allege actual damages, which

resulted from defendant's failure to respond to plaintiff's QWRs. *Martini v. JPMorgan Chase Bank,*

*N.A.*, 634 Fed. Appx 159, 164 (6th Cir. 2015); *see also Battah v. ResMAE Mortg. Corp.* 746 F. Supp.

2d 869, 876 (E.D. Mich. Oct. 28, 2010) ("To successfully plead a RESPA claim, Plaintiff must

allege actual damages . . . The complete absence of alleged damages warrants a dismissal of

Plaintiff's RESPA claim.").

Here, Plaintiffs fail to allege facts showing actual damages. In the Amended Complaint,

Plaintiffs request "all damages incurred by Plaintiffs as a result of Defendants actions including an

award for all of Plaintiff costs, special and/or statutory damages and attorney fees and costs herein"

---

[4] Trott Law is not a defendant in this action.

10

as well as "all economic and consequential damages as well as Damages for emotional distress." While presumably, Plaintiffs intended that "damages incurred by Plaintiffs" would refer to the foreclosure of the loan and the loss of their home, they failed to state such in the Amended Complaint.

Even assuming that the Amended Complaint did properly plead the facts of Defendants' alleged misconduct and specific damages, Plaintiffs have failed to allege that the Defendants' failure to respond to their QWR is the reason that the loan was foreclosed upon. In fact, the QWR was sent on June 29, 2020, which was AFTER the foreclosure proceedings, which started in October 2019 and concluded with the closing of the redemption period on June 2, 2020. In *Martini*, the Sixth Circuit reasoned that the "damages that the plaintiff alleged was due to their inability to pay their mortgage, not the alleged RESPA violation." *Martini*, 634 Fed. App'x, at 164. Therefore, the plaintiff had failed to adequately allege a RESPA claim because the pled damages were not the result of the alleged RESPA claim. *Martini*, 634 Fed. App'x, at 164. Owing to the fact that a QWR sent after the foreclosure proceedings could not have caused the proceedings, Plaintiffs have failed to state a viable RESPA claim.

### C. Plaintiffs' request for an adjournment

At the October 22, 2020 hearing, Plaintiffs made a request for an adjournment because they finally had obtained an expert to review some of the documents and so that the Court could review the expert report and reconsider facilitation. Without obtaining leave to do so, Plaintiffs filed a supplemental brief with the Court attaching an expert report. However, this is a motion to dismiss the First Amended Complaint based on Rule 12(b)(6), which tests the legal sufficiency of Plaintiffs' complaint, nothing more. The availability of any expert witnesses or their

testimony is irrelevant to whether Plaintiffs stated sufficient "facts to state a claim to relief that is plausible on its face" in the First Amended Complaint. *Twombly*, 550 U.S. at 570. Therefore, Plaintiffs' request for adjournment is denied.

### CONCLUSION

For the reasons explained above, IT IS SO ORDERED that Defendants' motion is GRANTED, and the First Amended Complaint is DISMISSED WITH PREJUDICE. IT IS SO ORDERED.

<div style="margin-left:40%">

s/Sean F. Cox
Sean F. Cox
United States District Judge

</div>

Dated:  November 6, 2020